```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     CHARLESTON
```

DAWN O'DELL,

    Plaintiff

v.                          CIVIL ACTION NO. 2:02-1384

CONSECO FINANCE
SERVICING CORP.; JOHN DOE, an
unknown employee and/or agent of Conseco
Finance; and JANE DOE, an unknown
employee and/or agent of Conseco Finance,

    Defendants


## MEMORANDUM OPINION AND ORDER

On January 17, 2003, the court stayed this action in response to the automatic stay resulting from the voluntary petition in bankruptcy filed by defendant Conseco Finance Servicing Corp. whose assets, the court is informed, have been sold off to another entity.  There has been no activity in this case since the January 17, 2003, order.

On December 15, 2005, the court ordered plaintiff personally or her lawyer to show cause in writing no later than January 4, 2006, why this case should not be dismissed without prejudice for failure to prosecute.  Plaintiff was further advised as follows:

> **Plaintiff is hereby given notice that a failure by either her or her lawyer to respond to this order will result in the dismissal of this action without prejudice**.

O'Dell v. Conseco Finance Servicing Corp., No. 2:02-1384, at 1 (S.D. W. Va. Dec. 15, 2005) (emphasis in original). To date, neither plaintiff nor her lawyer has responded to the show cause order.[1]

Federal Rule of Civil Procedure 41(b) provides pertinently as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . . .

Fed. R. Civ. Proc. 41(b).[2] The Rule 41(b) determination is guided by four factors:

   (1) the degree of personal responsibility on the part

---

[1] The clerk was directed to transmit the December 15, 2005, order to the plaintiff personally, return receipt requested. Although the return receipt has not arrived in the clerk's office, neither has the mailing been returned.

[2] Although the Rule appears to contemplate a motion, the Supreme Court has held that dismissal is appropriate sua sponte. See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.")

> of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

<u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991); <u>Hillig v. Commissioner</u>, 916 F.2d 171, 174 (4th Cir. 1990).

Regarding personal responsibility, the court cautioned plaintiff, in underscored terms, of the consequences of not responding to the court's show cause order.  The second and third factors are either neutral or inapplicable.  Regarding the effectiveness of less drastic sanctions, the court observes that, faced with the prospect of dismissal, plaintiff did not act.  It is thus apparent that less drastic measures would be ineffective.

Based upon the foregoing, the court ORDERS that this civil action be, and it hereby is, dismissed without prejudice for failure to prosecute or to comply with the court's order.  The court further ORDERS that this civil action be, and it hereby is, stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the plaintiff at her last known address, via certified mail, return receipt requested.

DATED: January 13, 2006

John T. Copenhaver, Jr.
United States District Judge